**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**EASTERN DIVISION**

**CLIFTON LEE SIGGERS**                                                                    **PLAINTIFF**

**VERSUS**                                             **CIVIL ACTION NO. 2:19-cv-104-KS-MTP**

**FORREST COUNTY, MISSISSIPPI,** *et al*.                                          **DEFENDANTS**

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court on the Motion for Summary Judgment [30][1] filed by Defendants Forrest County, Justin Graham, Elias Lover, and Marcol Smith. Having carefully considered the parties' submissions, the record, and the applicable law, the undersigned recommends that the Motion for Summary Judgment [30] be granted.

## FACTUAL BACKGROUND

Plaintiff, a pre-trial detainee at the Forrest County Jail ("FCJ"), filed this civil-rights lawsuit on July 10, 2019. Comp. [1]. He alleges that on June 6, 2019, while in custody at FCJ, he was attacked by another inmate, Shyan Manzy. *Id*. at 4. Plaintiff asserts that Defendant Lover let Plaintiff out of his cell at the same time Manzy was able to "rig" his cell door and escape from his cell. *Id*. Manzy allegedly assaulted Plaintiff and bit Plaintiff's thumb. *Id*.

According to Plaintiff, officers were watching the fight from the tower, but only Sgt. Mason Broke interceded and stopped the altercation. *Id*. at 5. Plaintiff also alleges that he was denied medical care for almost twelve hours. *Id*. In a supplementation to his Complaint, Plaintiff stated that he was given a "tecna" shot on September 13, 2019 and has been tested for HIV but has not received the results of that test. *See* [24] at 1.

---

[1] This Motion [30] is more appropriately styled as a motion for partial summary judgment, as it only seeks dismissal of some of Plaintiff's claims.

1

On October 31, 2019, Defendants filed a Motion for Summary Judgment [30] arguing that Plaintiff had not exhausted his administrative remedies regarding his medical care claims. Plaintiff filed a Response [34] on November 7, 2019 and a second Response [35] on November 12, 2019. Defendants then filed their Reply [38] on November 21, 2019. Shortly thereafter, the Court granted Plaintiff's Motion [39] to supplement his response, and he filed a Letter [41] on December 6, 2019 and a Supplemental Response [42] on December 18, 2019. The Motion for Summary Judgment [30] is fully briefed and ripe for review.

## ANALYSIS

### *Summary Judgment Standard*

"[S]ummary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (internal quotations omitted). The Court must view the evidence in the light most favorable to the non-moving party. *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004). If the moving party meets its burden, the "nonmovant must go beyond the pleadings and designate specific facts showing there is a genuine issue for trial." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

Summary judgment is proper "where a party fails to establish the existence of an element essential to his case and on which he bears the burden of proof." *Washington v. Armstrong World Indus., Inc.*, 839 F.2d 1121, 1122 (5th Cir. 1988). In the absence of proof, the Court does not "assume that the nonmoving party could or would prove the necessary facts." *Little*, 37 F.3d at 1075 (emphasis omitted). "It is improper for the district court to 'resolve factual disputes by weighing conflicting evidence, … since it is the province of the jury to assess the probative value

of the evidence.'" *McDonald v. Entergy Operations, Inc.*, 2005 WL 2474701, at *3 (S.D. Miss. Apr. 29, 2005) (quoting *Kennett-Murray Corp. v. Bone*, 622 F.2d 887, 892 (5th Cir. 1980)).

*Failure to Exhaust*

Defendants argue that they are entitled to summary judgment on Plaintiff's delayed and inadequate medical care claims because Plaintiff did not exhaust his administrative remedies on these issues. Plaintiff disagrees and submits that he was never made aware of the administrative remedy program and, therefore, could not have utilized the program before he filed suit.

The Prison Litigation Reform Act ("PLRA") mandates that prisoners exhaust all administrative remedies available to them before filing suit. 42 U.S.C. § 1997e(a). Exhaustion is mandatory for "all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Alexander v. Tippah Cty., Miss.*, 351 F.3d 626, 630 (5th Cir. 2003) (quoting *Porter v. Nussle*, 534 U.S. 516, 532 (2002)). "District courts have no discretion to excuse a prisoner's failure to properly exhaust the prison grievance process before filing their complaint… and the case must be dismissed if available administrative remedies were not exhausted." *Gonzalez v. Seal*, 702 F.3d 785, 788 (5th Cir. 2012). "Merely initiating the grievance process or putting prison officials on notice of a complaint is insufficient to meet the exhaustion requirement." *Washington v. Brisolara*, 2016 WL 3982504, at *2 (S.D. Miss. July 22, 2016). A court must dismiss unexhausted claims but should allow exhausted claims to proceed. *Jones v. Bock*, 549 U.S. 199, 220-24 (2007).

The degree of specificity required in a grievance is determined by each prison's own protocol. *Id.* at 218. The Fifth Circuit has held that grievances should provide prison officials fair notice of an inmate's specific complaints and the "time and opportunity to address complaints internally." *Johnson v. Johnson*, 385 F.3d 503, 516 (5th Cir. 2004). "Thus, a

grievance should be considered sufficient to the extent that the grievance gives officials a fair opportunity to address the problem that will later form the basis of the lawsuit." *Id*. at 517.

In support of their Motion for Summary Judgment [30], Defendants submitted an affidavit from the records custodian at FCJ, a copy of the inmate handbook, and the grievances Plaintiff filed while at FCJ. *See* Mot. [30], Ex. A; Reply [38], Ex. D.[2] FCJ had an administrative remedy program in place that required inmates to submit their grievances in a written form explaining their complaint and requested relief.[3] Mot. [30], Ex. A at 14. The parties dispute whether Plaintiff was provided with a copy of the inmate handbook. This dispute, however, is not material because the record demonstrates that Plaintiff was aware of the grievance process before he filed this action. Plaintiff submitted multiple grievances at FCJ before and after he filed this lawsuit.[4]

A careful review of Plaintiff's jail file reveals that he did not file a grievance relating to his medical care or the alleged twelve-hour delay in medical care following his altercation with Manzy. It is also clearly established that an administrative remedy program existed at FCJ and that Plaintiff utilized the program before he filed this action. Therefore, he did not properly exhaust his delayed or inadequate medical care claims against Defendants before filing suit on

---

[2] Defendants submitted a revised affidavit in their Reply [38] to reflect that they did not have any records to demonstrate that Plaintiff received an inmate handbook.

[3] FCJ required grievances to include the name of the inmate, the inmate's social security number, the inmate's cellblock, the date of the grievance, an exact description of the complaint, and the resolution desired by the inmate. Mot. [30], Ex. A at 14.

[4] Plaintiff filed a grievance on November 26, 2018 regarding his commissary account. Mot. [30], Ex. A at 32. On a separate occasion, Plaintiff filed a grievance complaining about an ear infection, but the date on the bottom of the grievance is only partially visible. *Id*. at 33. On June 9, 2019, Plaintiff filed a grievance relating to the altercation with Manzy. *Id*. at 37. On July 28, 2019, Plaintiff filed a grievance complaining about the number of times his blood sugar is checked. *Id*. at 39.

July 10, 2019, and Defendants are entitled to summary judgment on Plaintiff's medical care claims. Plaintiff's other claims shall be identified at a *Spears*[5] hearing, which will be set at the appropriate time.

## RECOMMENDATION

For the reasons set forth above, the undersigned recommends that Defendants' Motion for Summary Judgment [30] be GRANTED and Plaintiff's claims regarding his medical care be DISMISSED without prejudice. The remainder of the case should proceed pending further screening of Plaintiff's claims.

## RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge, and the opposing party. The District Judge at the time may accept, reject, or modify in whole or in part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except on grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

---

[5] *See Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985). Plaintiff's remaining claim/claims will be discussed and clarified at a hearing and the Court will determine what discovery is appropriate.

THIS the 10th day of March, 2020.

                                          s/ Michael T. Parker
                                          United States Magistrate Judge