**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**EASTERN DIVISION**

**CLIFTON LEE SIGGERS**                                                        **PLAINTIFF**

**VERSUS**                                  **CIVIL ACTION NO. 2:19-cv-104-KS-MTP**

**FORREST COUNTY, MISSISSIPPI**                                 **DEFENDANT**

**REPORT AND RECOMMENDATION**

THIS MATTER is before the Court *sua sponte* for evaluating whether Plaintiff's claims should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Having considered the record and applicable law and having conducted a *Spears*[1] hearing, the undersigned recommends that this case be dismissed for failure to state a claim and that the dismissal count as a strike pursuant to 28 U.S.C. § 1915(g).

**BACKGROUND**

Because Plaintiff's claims are brought under 42 U.S.C. § 1983, the Court has subject matter jurisdiction based on a federal question pursuant to 28 U.S.C. § 1331. This lawsuit arises from events which occurred while Plaintiff was a pre-trial detainee at the Forrest County Jail. Plaintiff's claims and relief sought were clarified by his sworn testimony at the *Spears* hearing.[2]

According to Plaintiff, his constitutional rights were violated when Defendants failed to protect Plaintiff from a fight with an inmate by the name of "Manzy."[3] Plaintiff testified that on

---

[1] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

[2] *See Flores v. Livingston*, 405 Fed. App'x 931, 932 (5th Cir. 2010); *Riley v. Collins*, 828 F.2d 306, 307 (5th Cir. 1987) (stating that allegations made at a *Spears* hearing supersede claims alleged in the complaint).

[3] Plaintiff refers to the other inmate as Manzy, but the jail records submitted by Forrest County Jail state that the inmate's name is Reshad Manzie. *See* [30-3] at 20.

June 6, 2018,[4] he was released from his cell to clean. While he was cleaning, inmate Manzy, who had rigged his cell with a sock so that the door would not close completely, ran out of his cell and attacked him. Plaintiff also testified that Defendant Elias Lover attempted to stop Manzy and break up the fight, but he was unsuccessful. During the altercation, Manzy bit Plaintiff on his right thumb.[5] Plaintiff stated the fight lasted less than a minute.

## STANDARD

The Prison Litigation Reform Act, 28 U.S.C. § 1915(e)(2), applies to prisoner proceedings *in forma pauperis* and provides that "the court shall dismiss the case at any time if the court determines that . . . (B) the action or appeal-(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." Since Plaintiff was granted *in forma pauperis* status, Section 1915(e)(2) applies to the instant case. *See* Order [9].

In considering whether a plaintiff has stated a claim on which relief may be granted, the "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004) (quoting *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999)). However, "the tenant that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere

---

[4] Though Plaintiff testified that the events occurred on June 6, 2018, the documentation from the jail regarding the incident as well as the grievances filed by Plaintiff state that the event occurred on June 6, 2019. *See* [30-3] at 20-22.

[5] Prior to the hearing, Defendants filed a Motion for Summary Judgment for Failure to Exhaust Administrative Remedies [30] in regard to Plaintiff's claims that Defendants denied Plaintiff adequate medical care. A Report and Recommendation [43] recommended dismissing the claims, and the recommendation was adopted. *See* Order [48].

conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

A plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555. (citations and footnote omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "This standard 'simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of' necessary claims or elements." *In re S. Scrap Material Co.*, 541 F.3d 584, 587 (5th Cir. 2008) (quoting *Twombly*, 550 U.S. at 556).

## ANALYSIS

Plaintiff testified that he was a pretrial detainee at the time of the incident and therefore his allegations implicate his constitutional rights under the Fourteenth Amendment. *See Hare v. City of Corinth*, 74 F.3d 633, 639 (5th Cir. 1996). "A pretrial detainee's due process rights are said to be at least as great as the Eighth Amendment protections available to a convicted prisoner." *Id*. at 639. The Eighth Amendment imposes a duty upon prison officials to protect inmates from violence by fellow inmates. *Longoria v. Texas*, 473 F.3d 586, 592 (5th Cir. 2006) (citing *Farmer v. Brennan*, 511 U.S. 825, 832-33 (1994)).

However, every injury suffered by one prisoner at the hands of another does not amount to a constitutional violation by prison officials. *Farmer*, 511 U.S. at 834. To prevail on a failure to protect claim, Plaintiff must show that "he was incarcerated under conditions posing a

substantial risk of serious harm and that prison officials were deliberately indifferent to his need for protection." *Jones v. Greninger*, 188 F.3d 322, 326 (5th Cir. 1999).[6]

*Defendants Marcol Smith and Justin Graham*

At the hearing Plaintiff moved to dismiss Defendants Marcol Smith and Justin Graham and stated that he was not trying to sue them. Plaintiff explained that this was his first attempt at filing a lawsuit in federal court, and he did not know who to include as defendants. The undersigned recommends that Plaintiff's motion to dismiss as to Defendants Marcol Smith and Justin Graham be granted based on Plaintiff's request.

*Defendant Lover*

Plaintiff testified that Defendant Lover failed to protect him during the altercation with Manzy. As mentioned above, in order for Plaintiff to prevail on a failure to protect claim, he must show that "he was incarcerated under conditions posing a substantial risk of serious harm and that prison officials were deliberately indifferent to his need for protection." *Jones*, 188 F.3d at 326. Deliberate indifference consists of the official being aware of both the "facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837.

Deliberate indifference "'is an extremely high standard to meet.'" *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006) (quoting *Domino v. Texas Dep't of Crim. Justice*, 239 F.3d

---

[6] Plaintiff testified that he believed that pretrial detainees, his status at the time, and postconviction inmates were not supposed to be housed together. That, without more, does not state a claim for relief. Plaintiff must allege that specific jail officials "knew of and disregarded a substantial risk of serious harm." *See Alderson v. Concordia Par. Corr. Facility*, 848 F.3d 415, 420 (5th Cir. 2017) (citing *Domino v. Texas Dept. of Crim. Justice*, 239 F.3d 752, 755 (5th Cir. 2001). No such allegations were made by Plaintiff. Plaintiff and Manzy were not housed together in the same cell. Manzy was in segregated or isolated confinement at the time of the incident, and Plaintiff was housed in a separate cell in protective custody. *See* Complaint [1] at 5.

752, 756 (5th Cir. 2001)). Negligent failure to protect an inmate does not rise to the level of a constitutional violation. *Oliver v. Collins*, 914 F.2d 56, 60 (5th Cir. 1990). The test for establishing deliberate indifference is "one of subjective recklessness as used in the criminal law." *Farmer*, 511 U.S. at 837.

Plaintiff testified that he had no reason to believe that Defendant Lover knew or should have known that inmate Manzy's cell door was rigged. He also stated that as soon as the incident occurred, Defendant Lover attempted to protect Plaintiff from harm by separating the inmates. Plaintiff's testimony does not show that Plaintiff was incarcerated under conditions posing a substantial risk of serious harm to Plaintiff or that Defendant Lover was deliberately indifferent to his need for protection. *See Jones*, 188 F.3d at 326. If anything, Plaintiff's testimony shows that Defendant Lover took action to try and protect Plaintiff when Manzy broke free from his cell. Because Plaintiff's testimony fails to meet the essential elements of a failure to protect claim, the undersigned recommends Defendant's claims against Defendant Lover be dismissed.

*Defendant Forrest County, Mississippi*

When asked about the claims Plaintiff alleges against Defendant Forrest County, Mississippi, Plaintiff testified that he sued the county because they employed the people who he alleges failed to protect him. He said that he believed this makes the County responsible.

Defendant Forrest County, Mississippi cannot be held liable for the acts of its employees based upon a theory of *respondeat superior*. *Bd. of Cty. Comm'rs of Bryan Cty., Okl. v. Brown*, 520 U.S. 397 (1997). Instead, the liability of a local government under § 1983 must be analyzed under the United States Supreme Court case *Monell v. Department of Social Services*, 436 U.S. 658 (1978) and its progeny. The Supreme Court held that in order for a local governmental entity to have liability under Section 1983, a plaintiff must prove that a policy, custom, or practice of

that local governmental entity was the "moving force" behind the constitutional violation. *Id*. at 694.

Plaintiff makes no such allegation here. To the contrary, Plaintiff testified that he was not aware of any policy or procedure that Defendant Forrest County, Mississippi had in place that violates Plaintiff's constitutional rights or led to the incident. As such, Plaintiff has failed to state a claim upon which relief can be granted against Forrest County, Mississippi.

## RECOMMENDATION

Plaintiff fails to state a claim against all Defendants upon which relief may be granted. Therefore, the undersigned recommends that this action be dismissed with prejudice pursuant to 28 U.S.C. §1915(e)(2)(B)(ii) and that the dismissal count as a strike pursuant to 28 U.S.C. § 1915(g).[7]

## RIGHT TO OBJECT

In accordance with the rule and 28 U.S.C. § 636(b)(1), any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge, and the opposing party. The District Judge at the time may accept, reject, or modify in whole or in part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except

---

[7] Section 1915(g) provides that "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions,…brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

on grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. *Douglass v. United Servs. Auto. Ass'n*, 79 F. 3d 1415, 1428-29 (5th Cir. 1996).

    THIS the 20th day of November.

s/ Michael T. Parker
United States Magistrate Judge
